**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10420 |
| Plaintiff-Appellant, | D.C. No. 4:15-cr-00545-YGR-1 |
| v. | |
| KEITH HOPKINS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 12, 2017[**]
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,[***]
District Judge.

Pursuant to 18 U.S.C. § 3731, in this criminal case against Defendant Keith

Hopkins, the government timely appeals the district court's order suppressing

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Consuelo B. Marshall, United States District Judge for the
Central District of California, sitting by designation.

evidence. Reviewing de novo, <u>United States v. Williams</u>, 846 F.3d 303, 306 (9th Cir. 2017), we vacate and remand for further proceedings.

"[B]efore conducting a warrantless search pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched." <u>Motley v. Parks</u>, 432 F.3d 1072, 1080 (9th Cir. 2005) (en banc), <u>overruled in other part by</u> <u>United States v. King</u>, 687 F.3d 1189, 1189 (9th Cir. 2012) (en banc) (per curiam). "Probable cause . . . is not a high bar:  It requires only the 'kind of fair probability on which reasonable and prudent people, not legal technicians, act.'" <u>Kaley v. United States</u>, 134 S. Ct. 1090, 1103 (2014) (internal quotation marks and alterations omitted) (quoting <u>Florida v. Harris</u>, 568 U.S. 237, 244 (2013)). "A police officer has probable cause to conduct a search when the facts available to him would warrant a person of reasonable caution in the belief that [something is true]." <u>Harris</u>, 568 U.S. at 243 (internal quotation marks and alterations omitted). In applying this "practical and common-sensical standard," we must consider the "totality of the circumstances." <u>Id.</u> at 244.

The officers initially had good reason to believe that Defendant was living in the motorhome at the 2187 address—Defendant was living there in April 2015, his motorhome was registered to that address, and his sex-offender registration listed

that address. But then officers obtained good reason to believe that Defendant had moved down the street. A 14-year-old came out of the house at the 2187 address and identified himself as Defendant's nephew. He volunteered that Defendant had moved to the 2225 address to live with his girlfriend. He then identified Defendant's car, parked in the 2225 parking lot. That information was corroborated by the registration of the car in two ways: (1) as belonging to Defendant and (2) as having been registered by Defendant with the home address of apartment A of the 2225 address. When the officers knocked on the door to apartment A and spoke with the female tenant, she denied that Defendant lived there but she also appeared nervous and untrustworthy.

We conclude, applying the "common-sensical standard" of probable cause, Harris, 568 U.S. at 244, that there was a "fair probability," Kaley, 134 S. Ct. at 1103, that Defendant had, in fact, moved to apartment A of the 2225 address. Defendant's nephew had no apparent reason to lie, and his information was independently corroborated by the registration of the car in two relevant specifics (owner and address). "[P]robable cause may be established based on a tip from an anonymous informant if there are sufficient indicia of reliability . . . [including] the provision of details not easily obtained or predicted, or the police's ability to corroborate the information." United States v. Mayer, 560 F.3d 948, 957 (9th Cir.

3

2009).  Here, the "informant" was known, not anonymous; and the police affirmatively corroborated the "tip," in part by information that Defendant had provided voluntarily—his home address on the car registration.

Countervailing circumstances existed, but they were not very strong.  That Defendant lived in the motorhome in April is consistent with the information that the nephew provided—Defendant had moved from the motorhome to the 2225 address.  Similarly, the registered address of the motorhome and of Defendant's sex-offender status conflicted with the address of the car registration, but it was reasonable for the officers to conclude that the sex-offender information was stale, given the nephew's corroborated account of the move and the location of Defendant's car at the 2225 address.  The only other potentially countervailing circumstance known to the officers was the tenant's denial that Defendant lived at the 2225 address.  But we have held that such denials are often "accorded little import."[1]  United States v. Howard, 447 F.3d 1257, 1266 n.13 (9th Cir. 2006), overruled in other part by King, 687 F.3d at 1189; see also Motley, 432 F.3d at 1082 ("[The co-resident's] statement that [the parolee] did not live at that address,

[1] We reject the government's argument that the tenant's nervous and argumentative responses to the officers' questions can be construed as supporting a finding of probable cause.  At most, the denial detracted only slightly from the other circumstances suggesting that Defendant had moved.

coming from a less-than-disinterested source, did not undermine the information the officers previously had received . . . ."). In sum, viewing the totality of the circumstances, a person of reasonable caution would believe that Defendant had moved to the 2225 address.

Our cases are not to the contrary. For example, unlike in Howard and Grandberry, the officers here received a voluntary, in-person tip that the officers corroborated in important respects, including by information that Defendant had provided voluntarily. For that reason, we find the four factors described in Howard, 447 F.3d at 1265–66, not particularly apt. Grandberry, 730 F.3d at 977 n.8; see Harris, 568 U.S. at 244 ("We have rejected rigid rules, bright-line tests, and mechanistic inquiries in favor of a more flexible, all-things-considered approach.").

We emphasize the limited reach of our analysis given the procedural posture of this case. Because the district court held no hearing and did not resolve any factual disputes, we have viewed the facts in the light most favorable to the government as the non-moving party. Cf. Nolan v. Heald Coll., 551 F.3d 1148, 1154 (9th Cir. 2009) (reviewing the evidence in the light most favorable to the non-moving party on summary judgment because the district court had not held an

evidentiary hearing). At its discretion, the district court may conduct an evidentiary hearing.

**VACATED and REMANDED for further proceedings.**